FILED

NOV - 5 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Cleveland M. James, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08 **1912** |
| | ) | |
| United States of America *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

MEMORANDUM OPINION

This matter is before the Court on petitioner's application for a writ of *habeas corpus* and

his application to proceed *in forma pauperis*. The Court will grant the application to proceed *in*

*forma pauperis* and dismiss the case for lack of jurisdiction.

Petitioner challenges his conviction entered by the United States District Court for the

Eastern District of North Carolina. Pet. at 2. He claims that the sentencing court "ignored [his]

colorable pro-se actual innocence claim." *Id.* at 5. Such claims must be presented to the

sentencing court by motion filed pursuant to 28 U.S.C. § 2255. *See Taylor v. United States*

*Board of Parole*, 194 F.2d 882, 883 (D.C. Cir. 1952) (attack on the constitutionality of the statute

under which defendant was convicted and sentenced is properly pursued by motion under

28 U.S.C. § 2255); *Ojo v. Immigration & Naturalization Service*, 106 F.3d 680, 683 (5th Cir.

1997) (the sentencing court is the only court with jurisdiction to hear defendant's complaint

regarding errors that occurred before or during sentencing).

An individual may be excused from pursuing relief under § 2255 only when it "appears

that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28

U.S.C. § 2255. Petitioner makes no such showing here. This Court therefore is without

jurisdiction to entertain the habeas petition. A separate order of dismissal accompanies this

Memorandum Opinion.

_____
United States District Judge

Date: October ___3___, 2008

2